United States District Court
Southern District of Texas

**ENTERED**

July 23, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Juan Carlos Hernandez Alvarez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4274 |
| | § | |
| Markwayne Mullin, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Juan Carlos Hernandez Alvarez is a native and citizen of El Salvador who entered the United States in 2015 and is charged with being present without inspection and admission or parole. Docs. 1 ¶¶ 13–14, 7-1 at 1. On November 7, 2025, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 ¶¶ 5 & 7, 1-1 at 1. On March 3, 2026, an immigration judge ordered Petitioner removed. Docs. 1 ¶ 15, 1-2 at 1–2, 7-1 at 10–13. Petitioner appealed his removal order to the Board of Immigration Appeals, and his appeal remains pending. Docs. 1 ¶ 16, 1-2 at 2, 7-1 at 14–16. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on

---

[1] The Petition names Gabriel Martinez in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 ¶ 11. Mr. Martinez ceased holding office while this action remained pending, so Patrick Contreras is automatically substituted as a Respondent in this action in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

the grounds that his present detention without a bond hearing violates (i) substantive due process and (ii) procedural due process.[2]

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise due process challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

---

[2] Petitioner further argues that his present detention violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner, however, is not yet subject to a final order of removal, as his BIA appeal remains pending. *See* Doc. 1 ¶ 16. He has thus been detained for removal proceedings under 8 U.S.C. § 1225(b)(2)(A), rather than to effectuate deportation pursuant to a final order of removal under 8 U.S.C. § 1231(a)(6). And *Zadvydas* exclusively governs the latter. *See Demore*, 538 U.S. at 529 ("[P]ost-removal-period detention, *unlike detention pending a determination of removability . . .*, has no obvious termination point."); *see also Jennings v. Rodriguez*, 583 U.S. 281 (2018) (refusing to graft the time limit recognized in *Zadvydas* onto detention under 8 U.S.C. § 1225(b)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. Petitioner's claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), is DISMISSED WITHOUT PREJUDICE to being re-asserted if Petitioner is held in post-removal-period detention beyond the constitutionally permissible period. In all other respects, this action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 23rd of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge